JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
Attorneys for Plaintiffs

RECEIVED and
FILED

JUN 25 2009

ATLANTIC COUNTY
LAW DIVISION

---

SUSAN E. PETTIT and GEORGE R. LOPEZ,

    Plaintiffs,

v.

STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, CITY OF ESTELL MANOR, MAYOR OF ESTELL MANOR JOSEPH VENEZIA; NEW JERSEY STATE TROOPER ERNEST LUCARINI and JOHN DOES 1-10 and ABC PUBLIC ENTITIES and/or OFFICIALS 1-10, jointly, severally and in the alternative,

    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION/CIVIL PART
ATLANTIC COUNTY
DOCKET NO. L-2365-09

Civil Action

COMPLAINT, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND

---

Plaintiffs, Susan E. Pettit and George R. Lopez, residing at 173 South Jersey Avenue, Estell Manor, New Jersey, 08319, complaining against Defendants, say:

### PARTIES

1. Plaintiff Susan E. Pettit was, at all times relevant hereto, a citizen of the United States and a resident of the State of New Jersey, residing as indicated in Estell Manor, New Jersey.

2. Plaintiff George R. Lopez was, at all times relevant hereto, a resident of the State of New Jersey, residing as indicated in Estell Manor, New Jersey.

3. Defendant New Jersey State Trooper Ernest Lucarini is a State Police Officer employed by the State of New Jersey, and did, at all times relevant


EXHIBIT A

hereto, act under color of State law in his alleged performance of official duty, and he is sued individually and in his official capacity.

4. Defendant Mayor of Estell Manor Joseph Venezia is and was, at all times relevant hereto, the Mayor of Estell Manor, New Jersey, which is located within Atlantic County, New Jersey, and did, at all times relevant hereto, act under color of State law in his alleged performance of official duty, and he is sued individually and in his official capacity.

5. Defendant State of New Jersey is a body politic, being the State government for the citizens and the population of the State of New Jersey, and it is organized and operated under the State Constitution of New Jersey and other State laws, which at all times relevant hereto, require it to, among other things, provide for the safety, health and welfare of those within its geographic boundaries by way of employment of police services, specifically the New Jersey State Police, a named defendant herein and the employer of New Jersey State Trooper Defendant Ernest Lucarini.

6. Defendant City of Estell Manor is a body politic, being the municipal government for the citizens and population of Estell Manor, New Jersey, and it is a City incorporated and organized under authority of State law which at all times relevant hereto require it, among other things, to provide for the safety, health and welfare of those within its geographic boundaries by way of employment of police and other services, and it was, at all times relevant hereto, the employer of Defendant Mayor of Estell Manor Joseph Venezia.

7. This cause of action seeks, among other things, to redress deprivation under color of law, policy and custom, of substantive due process or equal protection rights, privileges or immunities secured by the United States

2

Constitution or laws of the United States and substantive due process or equal protection rights, privileges or immunities secured by the New Jersey Constitution or laws of New Jersey and to recover damages, costs, and attorney's fees under all applicable provisions of N.J.S.A. 10:6-2. It also seeks redress under the common law of the State of New Jersey.

### COUNT I

8. Plaintiffs Susan E. Pettit and George R. Lopez are an unmarried couple who live together at the address noted above in Estell Manor, New Jersey. They have never been married, however, they have been together for many years.

9. They had a son together, Raymond Lopez, who was struck and killed by a car on February 13, 2007. He was fifteen (15) years old. The automobile accident that claimed Raymond's life occurred on Cumberland Avenue in Estell Manor.

10. Shortly after Raymond Lopez was killed, a roadside memorial was erected on Cumberland Avenue in the area where Raymond was killed. The purpose of the memorial was to remember Raymond and to provide a place where friends and family could go for short periods of time to mourn the loss of Raymond and to place items significant to the memory of the life of Raymond Lopez.

11. Like so many similar roadside memorials throughout the State of New Jersey, Atlantic County and Estell Manor, the memorial to Raymond Lopez remained for over one year without incident.

12. On Tuesday, July 1, 2008, Plaintiffs received a telephone call from a friend advising them that all of the items had been removed from the memorial site.

13. Plaintiff Susan E. Pettit went to the Estell Manor City Hall in order to find out what happened and she was told by employees at the City Hall that Defendant Venezia ordered the removal of the memorial.

14. To make matters worse, rather than return the items to Plaintiffs, Defendant Venezia ordered that the items be thrown in the trash. Plaintiffs actually saw the items in trash bags on the back of a truck, owned by Estell Manor and driven by an Estell Manor employee, bound for a landfill. Plaintiffs stopped the driver of the truck and the driver, appalled that the City ordered removal and disposal of the memorial, returned the memorial to its original location.

15. The following day, July 2, 2008, at approximately 7:25 a.m., Plaintiff George Lopez was awakened by the sound of his barking dog.

16. He proceeded to investigate what was going on and he heard multiple gunshots. Mr. Lopez would later learn that defendant Lucarini had shot plaintiffs' dog with numerous rounds of ammunition.

17. Plaintiff George Lopez looked out his front door and saw Defendant State Trooper Lucarini standing on his private property with his firearm in his hand demanding that Plaintiff George Lopez walk outside his house. At no time on July 2, 2008, did Defendant State Trooper Ernest Lucarini have a lawful basis to enter the private property of Plaintiffs, destroy and/or damage property on the private property of Plaintiffs, threaten Plaintiffs with his firearm while on their

4

property and/or search or otherwise place his hands on any part of Plaintiffs' bodies.

18. At no time on July 2, 2008 did Defendant Mayor Joseph Venezia have a lawful basis to request or demand that Defendant State Trooper Ernest Lucarini or any State Trooper proceed to Plaintiffs' home for an investigation of any kind.

19. Upon hearing gunshots and seeing State Trooper Lucarini with his firearm in his hand, Plaintiff George Lopez was terrified.

20. He had no idea why there was a State Trooper standing in his yard, discharging his weapon and demanding that he walk outside. Plaintiffs' property is clearly marked as private property with signs that advise of the presence of dogs. The property is also surrounded by a fence with a closed gate. Defendant Lucarini had apparently ignored the signs and entered through a closed gate.

21. Plaintiff George Lopez called 9-1-1 to report the startling events that were occurring, woke Plaintiff Susan Pettit and walked outside as ordered by Defendant Lucarini.

22. Plaintiff George Lopez's person was searched by Defendant Lucarini who placed his hands on the body of George Lopez and George Lopez was questioned about whether he knew anything about nails being left in the road at Cumberland Avenue. During the entire period of time, plaintiffs' dog, who defendant Lucarini shot, was left to suffer and bleed from his wounds. Defendant Lucarini never summoned medical help for the animal.

23. Plaintiff George Lopez had no idea what was going on and told Defendant Lucarini so.

24. Another State Trooper eventually arrived on the scene.

5

25. Plaintiff George Lopez was advised by Defendant Lucarini that Defendant Lucarini had shot Plaintiffs' dog.

26. Defendant Lucarini then advised Plaintiff George Lopez that Defendant Venezia sent him to plaintiffs' home in order to investigate nails allegedly left in the road on Cumberland Avenue.

27. The State Troopers left. As they were leaving, Plaintiff George Lopez asked them their names and badge numbers. Neither would tell Plaintiff George Lopez the information he requested. Plaintiffs do not know the identity of the second trooper.

28. Neither Trooper offered to assist Plaintiffs with caring for their dog that Defendant Lucarini had just shot.

29. It has now been confirmed that plaintiffs' dog was shot four times in the face, neck, body and foot. Without any assistance from the Officers, Plaintiffs' took their injured animal to a number of animal hospitals for treatment that included emergency surgery.

WHEREFORE, based on all of the facts outlined above, Plaintiffs Susan E. Pettit and George R. Lopez seek Judgment against Defendants jointly, severally and individually for deprivation under color of law, policy and custom, of rights secured by any applicable provisions of the Constitutions, statutes or common law of the United States and New Jersey as follows:

    a. Compensatory damages;
    b. Consequential damages;
    c. Punitive damages;
    d. Attorney's fees, interest and costs of suit, pursuant to the applicable provisions of N.J.S.A. 10:6-2; and

e. An injunction permanently restraining the individually named Defendants from harassing, communicating or in any way interfering with the Plaintiffs' civil and constitutional rights in the future.

## COUNT II

30. Plaintiffs repeat and incorporate all previous allegations as if fully set forth herein.

31. This cause of action seeks, among other things, to redress deprivation under color of law, policy and custom, of rights secured by the New Jersey Constitution and other applicable New Jersey State statutes, ordinances, administrative regulations, case law, common law or any other source of New Jersey State law from any authority which may be applicable following further investigation and discovery.

32. At all times relevant herein, the conduct of all Defendants was subject to the Constitution of the State of New Jersey. All defendants and John Does (1-10) and ABC Public Entities and/or Officials 1-10, jointly, severally or in the alternative, interfered with or attempted to interfere with Plaintiffs' right to be free from unreasonable searches and seizures, right to freedom of speech, right to be free from physical force asserted against them by police officers or other officials without lawful reason, right to own real and personal property without unreasonable, intrusive and violent interference by the police or other public officials, right to equal protection under the law and right to due process of law, all as secured by the New Jersey Constitution.

33. The conduct of the Defendants, as described throughout this Complaint, proximately caused the Plaintiffs to be harmed and damaged.

7

WHEREFORE, Plaintiffs Susan E. Pettit and George Lopez demand Judgment against the Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, attorneys' fees, interest, costs of suit and such other relief as the Court deems to be just and equitable.

### COUNT III

34. Plaintiffs repeat and incorporate all previous allegations as if fully set forth herein.

35. Defendant State Trooper Ernest Lucarini committed an assault and battery upon Plaintiffs by attempting or offering to touch or strike Plaintiffs with unlawful force or violence and by actually and intentionally touching or striking with unlawful force or violence.

36. The intentional conduct of Defendant State Trooper Ernest Lucarini, as described above in this count and in other counts of the Complaint and other paragraphs of this Complaint, proximately caused the Plaintiffs to be harmed and damaged.

WHEREFORE, Plaintiffs Susan E. Pettit and George Lopez demand Judgment against the Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, attorneys' fees, interest, costs of suit and such other relief as the Court deems to be just and equitable.

### COUNT IV

37. Plaintiffs repeat and incorporate all previous allegations as if fully set forth herein.

38. Defendants, jointly, severally or in the alternative, intentionally and deliberately inflicted emotional distress on Plaintiffs by violating their rights under Federal and State law, entering their property for no lawful reason, threatening

8

them, assaulting them, battering them, shooting their dog and refusing to assist Plaintiffs in dealing with the chaos and carnage that Defendants caused.

39. The conduct of Defendants, jointly, severally or in the alternative, was extreme and outrageous, beyond all bounds of acceptable behavior and utterly intolerable in a civilized community.

40. The actions of the Defendants, jointly, severally or in the alternative, were the cause of emotional and physical distress for Plaintiffs and other damage.

41. The emotional and physical distress sustained by Plaintiffs was severe and of a nature that no reasonable person could be expected to endure.

42. As a result of Defendants' extreme and outrageous conduct, Plaintiffs have suffered, and will continue to suffer, mental pain and anguish, physical suffering, discomfort and severe emotional trauma.

WHEREFORE, Plaintiffs demand Judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, attorneys' fees, interest, costs of suit and such further relief as the Court deems to be equitable and just.

## COUNT V

43. Plaintiffs repeat and incorporate all previous allegations as if fully set forth herein.

44. The conduct of Defendants, jointly, severally or in the alternative, constitutes the tort of negligent infliction of emotional distress.

45. Defendants, jointly, severally or in the alternative, had a continuing duty not to inflict emotional distress on Plaintiffs.

9

46. Defendants, jointly, severally or in the alternative, breached their duties.

47. Plaintiffs have suffered and will likely continue to suffer physical, mental and emotional symptomology as a consequence of Defendants' tortious actions.

WHEREFORE, Plaintiffs demand Judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, attorneys' fees, interest, costs of suit and such further relief as the Court deems to be equitable and just.

### RULE 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify that to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceedings, and no other action is contemplated. I know of no other parties that should be joined herein.

### JURY DEMAND PURSUANT TO R. 1:8-1(b) and R. 4:35-1

Plaintiffs Susan E. Pettit and George R. Lopez hereby request trial by jury as all issues herein.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiffs Susan E. Pettit and George R. Lopez hereby designate Stephen F. Funk, Esquire, as trial counsel in the within matter.

JACOBS & BARBONE, P.A.
Attorneys for Plaintiffs Susan E. Pettit
and George R. Lopez

BY: _____
Stephen F. Funk, Esquire

Dated: 6/24/09

10