**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                           :
SUSAN E. PETTIT, et al.,   :
                           :     Civil Action No.
          Plaintiffs,      :     09-3735-NLH-JS
                           :
          v.               :     OPINION
                           :
STATE OF NEW JERSEY, et al.,:
                           :
          Defendants.      :
_____
```

**APPEARANCES**:

Stephen F. Funk, Esquire
Jacobs & Barbone PA
1125 Pacific Avenue
Atlantic City, NJ 08401
*Attorneys for Plaintiffs*

Thomas E. Kemble, Esquire
Office of the NJ Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
*Attorneys for Defendants State of New Jersey, New Jersey State Police, and Ernest Lucarini*

Thomas B. Reynolds, Esquire
John J. Bannan, Esquire
Reynolds & Drake, P.C.
29 North Shore Road
Absecon, NJ 08201
*Attorneys for Defendants City of Estell Manor and Mayor of Estell Manor Joseph Venezia*

**HILLMAN, District Judge**

**I.   INTRODUCTION**

     This matter comes before the Court on the motion of

Plaintiffs, Susan E. Pettit and George R. Lopez, to file an

amended complaint and remand this case to state court.  For the

reasons set forth below, Plaintiffs' motion will be granted in part and denied in part.

## II.   BACKGROUND

Plaintiffs filed their Complaint in this matter in the Superior Court of New Jersey - Law Division, Atlantic County on June 25, 2009.  In their Complaint, Plaintiffs allege, *inter alia*, violations of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, predicated upon their "deprivation under color of law, policy and custom, of substantive due process or equal protection rights, privileges or immunities secured by the United States Constitution or laws of the United States."  (Complaint at ¶ 7.)  On July 28, 2009, the case was removed to this Court by Defendants City of Estell Manor and Mayor of Estell Manor Joseph Venezia on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

On August 22, 2009, Plaintiffs filed a motion to remand the case back to state court.  However, Plaintiffs subsequently requested on October 2, 2009 that this motion be withdrawn.[1]  At that time, Plaintiffs also moved to amend their Complaint and remand the amended complaint to state court.  This motion to amend has been opposed by Defendants and is now before the Court.

_____

[1] In light of Plaintiffs' request and the lack of opposition from Defendants, Plaintiffs' Motion to Remand [4] shall be denied without prejudice.

## III. DISCUSSION

Plaintiffs seeks leave to file an amended complaint. Rule 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."[2] See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (noting that "a motion to dismiss is not a responsive pleading" for purposes of Rule 15(a)). At the time Plaintiffs filed their Motion to Amend on October 2, 2009, no responsive pleadings had been filed. Accordingly, Plaintiffs Motion to Amend is granted as a matter of course, and the Amended Complaint is now the governing pleading in this case.[3]

Plaintiffs also seek the remand of their amended complaint, pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(c) applies, however, to the testing of jurisdiction as of the time of removal. See Pedraza v. Holiday Housewares,

---

[2] The Court notes amendments to Fed. R. Civ. P. 15 have been approved, which took effect December 1, 2009. Since Plaintiffs Motion to Amend was filed before the effective date of the new rule, the Court must apply the old rule.

[3] The Court notes that Plaintiffs sought leave to file their Amended Complaint under Fed. R. Civ. P. 15(a)(2). However, since no responsive pleading had been filed at the time Plaintiffs filed their Motion, permission was not needed to file their Amended Complaint as Fed. R. Civ. P. 15(a)(1) governed.

<u>Inc.</u>, 203 F.R.D. 40, 44 (D. Mass. 2001); <u>Parker v. Della Rocco</u>,
197 F.R.D. 214, 216 (D. Conn. 2000), <u>aff'd</u>, 252 F.3d 663 (2d Cir.
2001); <u>see also Westmorland Hospital Assn. v. Blue Cross of
Western Pa.</u>, 605 F.2d 119, 123 (3d Cir. 1979) ("Generally
speaking, the nature of plaintiffs' claim must be evaluated, and
the propriety of remand decided, on the basis of the record as it
stands at the time the petition for removal is filed."); 14C
Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E.
Steinman, <u>Federal Practice & Procedure</u>, § 3739 (4th ed. 2009).
At the time of removal in this case, the Court acquired subject
matter jurisdiction over the entire action due to the well-
pleaded federal questions raised by Plaintiffs NJCRA claim, which
was predicated upon alleged violations of the U.S. Constitution.
At that time, the Court also gained supplemental jurisdiction
over Plaintiffs' related state law tort claims under 28 U.S.C. §
1367(a).  Therefore, Plaintiffs are not automatically entitled to
the remand of their case simply because their Amended Complaint
allegedly no longer includes the federal questions raised by the
original Complaint.  See <u>Carlsbad Technologies, Inc. v. HIF Bio,
Inc.</u>, 129 S.Ct. 1862, 1866-67 (U.S. 2009); <u>Pedraza</u>, 203 F.R.D. at
44.

The Court notes, however, that Section 1367(c) provides, in
relevant part, that "[t]he district court may decline to exercise
supplemental jurisdiction over a claim . . . if . . . the

district court has dismissed all claims over which it has original jurisdiction." Accordingly, even if Plaintiffs are not automatically entitled to remand under Section 1447(c), they may be entitled to remand under Section 1367(c). See Carlsbad, 129 S.Ct. at 1866-67; Pedraza, 203 F.R.D. at 44 (declining to continue exercising supplemental jurisdiction over state claims and remanding case after dismissal of all federal claims).

In reviewing the well-pleaded face of Plaintiffs' Amended Complaint, it appears that federal questions over which this Court has original jurisdiction are still integral to the NJCRA claims alleged. For example, the Amended Complaint alleges that Defendants

> interfered with or attempted to interfere with Plaintiffs' right to be free from unreasonable searches and seizures, right to freedom of speech, right to be free from physical force asserted against them by police officers or other officials without lawful reason, right to own real and personal property without unreasonable, intrusive and violent interference by the police or other public officials, right to equal protection under the law, right to due process of law and other rights.

(Amended Complaint at ¶ 32.) These allegations implicate rights protected by the U.S. Constitution, violations of which are actionable under the NJCRA. See Ortiz v. University of Med. & Dentistry of N.J., No. 08-2669 (JLL), 2009 WL 737046, at *7 (D.N.J. Mar. 18, 2009). Although the Amended Complaint does not include the references to the U.S. Constitution by name that

5

existed in the Complaint, it in no way limits the allegations to violations of the New Jersey Constitution.  In the absence of such limitations, the Court cannot go beyond the face of the Amended Complaint to read into it any intention Plaintiffs may have had to so limit their claims.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that presence or absence of federal question jurisdiction is governed by the "well pleaded complaint rule"); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995) (same), cert. denied, 516 U.S. 1009 (1995).

Thus, federal questions continue to exist in this case over which this Court has original jurisdiction under 28 U.S.C. § 1331.  As a result, any analysis of whether the Court should continue to exercise supplemental jurisdiction of Plaintiffs' remaining state law claims is premature, and remand of this case is inappropriate.  Plaintiffs' motion to remand must therefore be denied.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Amend/Correct Complaint and Remand to State Court shall be granted in part and denied in part.  An Order consistent with this Opinion will be entered.


Dated:  March 17, 2010          s/ Noel L. Hillman
                                HON. NOEL L. HILLMAN, U.S.D.J.


At Camden, New Jersey

7